09-4196-ag
Chen v. Holder

BIA
A073 034 846

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
>JOSEPH M. McLAUGHLIN,
>GUIDO CALABRESI,
>PETER W. HALL,
>>*Circuit Judges.*

_____

HE YUN CHEN,
>*Petitioner,*

>v.                                    09-4196-ag
>                                      NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Kim-Bun Thomas Li, Rockville, Maryland.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Margaret Kuehne Taylor, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

He Yun Chen, a native and citizen of the People's Republic of China, seeks review of a September 8, 2009, order of the BIA, affirming the May 30, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, denying his motion to reopen. *In re Chen*, No. A073 034 846 (B.I.A. Sept. 8, 2009), *aff'g* No. A073 034 846 (Immig. Ct. N.Y. City May 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the IJ properly denied Chen's motion to reopen as untimely, as it was filed more than ten years after his December 1997 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

The agency reasonably found that Chen's motion did not qualify for any exception to the time limitations. *See* 8 C.F.R. § 1003.2(c)(3)(ii). It is well-settled that a change in personal circumstances, such as the birth of Chen's two U.S. citizen children, is not evidence of changed conditions in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a

2

persecuted religion) and initiate new proceedings via a new asylum application.").  Although Chen disputes the BIA's finding that he failed to demonstrate a material change in country conditions based on the evidence he submitted, his arguments are foreclosed by this Court's decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-65 (2d Cir. 2008).

Furthermore, given the BIA's explicit references to the documentation submitted with the motion to reopen, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that Chen submitted.  *See Wei Guang Wang*, 437 F.3d at 275 (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings") (internal quotations omitted)*; see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

Accordingly, because Chen failed to demonstrate a material change in country conditions, the BIA did not abuse its discretion in denying his motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  The balance of Chen's arguments are foreclosed by our decision in *Yuen Jin*, 538 F.3d at 156.[1]

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

---

[1] Chen failed to exhaust his argument that the IJ made a factual error in finding that the agency had denied Chen's first asylum application, which he withdrew with prejudice.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118-20 (2d Cir. 2007).  In any event, remand would be futile because the BIA properly denied Chen's request to file a successive application.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006).

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk